**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LORENZO LEWIS,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | |
| | § | **CASE NO. 3:25-CV-2354-X-BK** |
| **DEEPWELL ENERGY SERVICES,** | § | |
| **LLC, AND DUFF CAPITAL INVESTORS** | § | |
| **CORPORATION,** | § | |
| **DEFENDANTS.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Defendants DeepWell Energy Services, LLC and Duff Capital Investors Corporation's *Motion to Dismiss*, Doc. 23, and Defendant Duff Capital Investors Corporation's *Motion to Dismiss*, Doc. 26, are both before the Court for findings and a recommended disposition. Upon review, Defendants' joint *Motion to Dismiss*, Doc. 23, should be **DENIED**, and Defendant Duff Capital's *Motion to Dismiss*, Doc. 26, should be **GRANTED**.

## I. BACKGROUND

Plaintiff Lorenzo Lewis alleges that Defendants DeepWell Energy Services, LLC ("DeepWell") and Duff Capital Investors Corporation ("Duff Capital") (collectively, "Defendants") wrongfully terminated his employment because he raised concerns about workplace safety under the Surface Transportation Assistance Act of 1982 (STAA), 49 U.S.C. § 31105 *et seq*.

As Lewis alleges,[1] he was employed by DeepWell from June 19, 2023, until his termination on July 11, 2023, after he filed complaints about hazardous workplace conditions. Doc. 18 at 9.[2] Lewis filed a whistleblower complaint with the Occupational Safety and Health Administration (OSHA) on August 10, 2023, invoking the employee protection provisions of the STAA. Doc. 18 at 22. After OSHA issued a finding of no reasonable cause on January 19, 2024, Lewis objected to the finding and requested a *de novo* hearing before the Department of Labor's Office of Administrative Law Judges. Doc. 18 at 22.

The matter was assigned to an Administrative Law Judge on March 11, 2024. Doc. 18 at 22. After participating in the administrative proceedings for over a year, Lewis filed the instant lawsuit, and the administrative proceeding was subsequently dismissed. Doc. 23-7 at 15 (Def.s' Ex. 24).

Defendants jointly move to dismiss Lewis's claims for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, for failure to state a claim under Rule 12(b)(6). Doc. 23. Lewis filed a Respobnse, Doc. 24, and Defendants filed a Reply, Doc. 27.

---

[1] Under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("The complaint must be *liberally construed* in favor of the plaintiff . . . .") (emphasis added). The Court, however, is not bound to accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

[2] Lewis also asserts that he was employed by Duff Capital. Duff Capital is private holding company that wholly owns DeepWell along with various other industrial services companies. Duff Capital contends that it is not Lewis's employer as defined by the STAA, Doc. 26, *passim*. However, because dismissal is appropriate for failure to exhaust, the Court need not reach that issue.

Duff Capital also separately moves to dismiss Lewis's claims for failure to state a claim under Rule 12(b)(6), arguing that Duff Capital is not Lewis's employer and that Lewis failed to exhaust his administrative remedies. Doc. 26. Lewis filed a Response, Doc. 28; Duff Capital did not file a reply.

## II. Applicable Law

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). Under Article III of the Constitution, federal courts are confined "to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984).

Motions under Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the district court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). And if at any point the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). A court may find subject matter jurisdiction is lacking from "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted). A court should grant a Rule 12(b)(1) motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of [its] claim that would entitle plaintiff to relief." *Id.*

Because a Rule 12(b)(1) motion concerns a court's power to hear the case, when a Rule

12(b)(1) motion is brought with other Rule 12 motions to dismiss, the Rule 12(b)(1) motion should be addressed first. *Ramming,* 281 F.3d at 161.

**B. Rule 12(b)(6)**

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court may only consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank, PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

A motion to dismiss for failure to state a claim upon which relief can be granted can be based not only on a plaintiff's claims but on matters that support an affirmative defense, such as limitation. Even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215 (2007) (Roberts, C.J.). *See also United States v. Bantau*, 907 F. Supp. 988, 990 (N.D. Tex. 1995) (Mahon, J.) ("The defenses of limitations or laches may be asserted by a motion to dismiss for failure to state a claim if the complaint shows affirmatively that the claims are barred.") (citing *Herron v. Herron,* 255 F.2d 589, 593 (5th Cir. 1958)).

**C. The STAA**

Under the STAA, an employee may not be discharged, disciplined, or discriminated against based on his filing of a complaint "related to a violation of commercial motor vehicle safety or security regulation," or his refusal to operate a vehicle when its "operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety, health, or security. . . ." 49 U.S.C. § 31105(a)(1)(A)(i)&(B)(i).

An employee who is discharged, disciplined, or discriminated against in violation of the STAA "may file a complaint with the Secretary of Labor not later than 180 days after the alleged violation occurred." 49 U.S.C. § 31105(b)(1). Within 60 days of receiving the complaint, the Secretary of Labor must investigate the complaint to determine if a violation occurred, and if the

Secretary reasonably believes that a violation occurred, the Secretary must issue findings and a preliminary order for relief. 49 U.S.C. § 31105(b)(2)(A). The parties "may file objections to the findings or preliminary order, or both, and request a hearing on the record." 49 U.S.C. § 31105(b)(2)(B). After a hearing or if no objections are filed, the Secretary must issue a final order. 49 U.S.C. § 31105(b)(2)(C).

Under 49 U.S.C. § 31105(c), however, if (1) "the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint" and (2) "the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for *de novo* review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury." Thus, under this section, the so-called "kick-out" provision, federal district courts may only exercise jurisdiction if the Secretary fails to issue a "final decision" within 210 days of the complaint. *See Budri v. FirstFleet Inc.*, No. 3:19-cv-409, 2019 WL 5587181, at *6 (N.D. Tex. Sept. 20, 2019) (Ramirez, J.) (dismissing an STAA claim for lack of subject matter jurisdiction because the plaintiff failed to show that the Secretary did not issue a final decision within 210 days), *adopted by* 2019 WL 579971 (N.D. Tex. Oct. 29, 2019); *Duke v. Xylem Tree Experts, Inc.*, No. 3:18-cv-290-JAG, 2018 WL 6809184, *2 (E.D. Va. Dec. 27, 2018) (same).

## III. Defendants' Joint Motion to Dismiss

Defendants argue the Court lacks jurisdiction over Lewis's claims because, *inter alia*, (1) Lewis's bad faith conduct during the related administrative proceedings delayed those proceedings, and (2) his claims are barred by laches. Upon review, the Court finds Defendants are not entitled to relief.

**A. Defendants' Bad Faith Arguments Fail**

Defendants first argue that the Court lacks jurisdiction over Lewis's claims because Lewis engaged in bad faith conduct under 49 U.S.C. § 31105(c), which delayed the administrative proceedings. Doc. 23 at 10-20. Specifically, Defendants argue that Lewis engaged in bad faith by delaying his exercise of the STAA's kick-out provision for purposes of "forum shopping" and by otherwise engaging in conduct that delayed the administrative proceedings. Doc. 23 at 14-18. Defendants contend that Lewis failed to provide initial disclosures and filed multiple discovery motions that were ultimately denied by the ALJ. Doc. 23 at 15. Lewis counters that Defendants misinterpret § 31105(c) since the earliest the purported bad faith conduct occurred is after March 7, 2024—after the 210-day window in which the Secretary of Labor was required to act on Lewis's complaint had already expired. Doc. 24 at 16. Lewis's argument is persuasive.

While the Court of Appeals for the Fifth Circuit has not yet decided whether the timing of purported bad faith conduct is relevant under § 31105(c), a sister circuit has recently done so:

> Section 31105(c) states that an employee can sue in federal district court if two conditions are met: (1) "the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint" and (2) "the delay is not due to the bad faith of the employee." By including the definite article "the" before "delay," the statute specifies a particular delay: the Secretary's failure to issue an opinion within the statutory timeframe. . . . Indeed, there is no other delay mentioned in § 31105(c) to which "the delay" could refer. Thus, so long as the failure to meet the deadline is not caused by the employee's bad faith, jurisdiction will lie in the district court under § 31105(c).

*Wilson v. CTW Transp. Services, Inc.*, 74 F.4th 924, 926 (8th Cir. 2023). In other words, under the Eighth Circuit's approach, which Lewis urges the Court to follow, an employee's bad faith deprives the federal court of jurisdiction only if the bad faith conduct that caused the Secretary's failure to issue a final decision occurred during the 210-day window.

The Eighth Circuit's interpretation of the bad-faith provision of § 31105(c) well-reasoned, persuasive, and consistent with a plain reading of the statute. *See BedRoc, LLC v. United States*, 541 U.S. 176 (2004) (the court "begins with the statutory text, and ends there as well if the text is unambiguous."). As the Eighth Circuit noted, a definite article indicates 'that a following noun . . . is definite or has been previously specified by context.'" *Wilson,* 74 F.4th at 926 (8th Cir. 2023) (quoting *Nielsen v. Preap*, 586 U.S. 392, 408 (2019)). In this instance, by using the phrase "the delay," Congress directs attention to a specific block of time—namely, the 210 days during which the Secretary was required to act. Therefore, the employee's bad faith conduct must be the cause of the Secretary failing to act prior to the deadline.

Here, Defendants do not dispute that Lewis's conduct about which they complain occurred after March 7, 2024, that is, more than 210 days after Lewis filed his OSHA complaint on August 10, 2023. And while Defendants conclusively assert that Lewis's "own actions prevented issuance of a final order within 210 days . . . ," Doc. 23 at 15, they identify no specific conduct constituting bad faith within the relevant statutory period. Under these facts and based on the reasoning of the Eighth Circuit in *Wilson*, Defendants' motion to dismiss for lack of jurisdiction fails and should be denied.

**B. Defendants' Laches and Waiver Arguments Also Fail**

Defendants argue that Lewis's claims should be dismissed for failure to state a claim because the doctrines of waiver and laches bar Lewis from invoking the STAA's kick out provision. Doc. 23 at 21. Lewis counters that neither doctrine has a place here. Doc. 24 at 22-26. The Court agrees that Defendants' arguments find no success in a Rule 12(b)(6) motion.

Waiver "is a doctrine of common-law origin, triggered when a party voluntarily or intentionally surrenders a known right." *Abraham Watkins Nichols Agosto Aziz & Stogner v.*

*Festeryga*, 138 F.4th 252, 258 (5th Cir. 2025) (internal quotation and citation omitted). Laches is "an inexcusable delay that results in prejudice to the defendant." *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 668 (5th Cir. 2000). Laches rests on the maxim that "one who seeks the help of a court of equity must not sleep on his rights." *Piper Aircraft Corp. v. Wag-Aero, Inc.*, 741 F.2d 925, 939 (7th Cir. 1984) (Posner, J. concurring).

The STAA is silent on the issue of whether a claimant's conduct *after* his right to file a "kick-out" lawsuit has vested can constitute waiver of his right to exercise the kick-out provision and bring suit in federal district court. The issue of whether waiver and laches bars an STAA plaintiff's right to exercise the kick-out provision has also not resulted in any reported decisions of the Fifth Circuit or any sister circuit court. Defendants, however, point to an Eighth Circuit discussion on a similar issue regarding a transportation statute. Doc. 23 at 25 (citing *Gunderson v. BNSF Ry. Co.*, 850 F.3d 962, 972 (8th Cir. 2017)).

In *Gunderson,* the Eighth Circuit proposed, in *dicta*, that the right to bring a federal lawsuit under the Federal Railroad Safety Act ("FRSA")—which has a virtually identical 210-day kick-out provision (49 U.S.C. § 20109(d)(3))—may be waivable after the 210-day window has elapsed under some circumstances. 850 F.3d at 972. The Eighth Circuit disagreed with the employee's argument that an FRSA plaintiff has "an absolute right to file a kick-out *de novo* action" assuming the delay was not due to the employee's bad faith. *Id.* at 971-72. The court instead observed that "it is likely that common law principles of laches may apply to cut off an employee's right to sue, or at least to seek equitable relief, some time after the [FRSA] action accrues." *Id.* at 972. But the court ultimately determined that waiver did not apply in that case because the defendant had not developed the record on waiver and did not raise the laches or estoppel issues before the district court. *Id.*

Post-*Gunderson*, the undersigned is aware of only one instance in which a court applied waiver and laches to limit a claimant's kick-out right. *See Henin v. Soo Line R.R. Co.*, No. CV 19-336, 2021 WL 2417709, at *4 (D. Minn. June 14, 2021) (holding the plaintiff's FRSA kick-out right was barred by waiver and laches). Other district courts, however, have recently denied motions to dismiss in FRSA kick-out suits, which argued for dismissal based on the doctrines of waiver and laches. *See, e.g., Janik v. CSX Transp., Inc.*, No. 1:21-cv-781, 2024 WL 3510872, at *4 (S.D. Ohio July 23, 2024) ("Congress did not include other statutory restrictions or prohibitions preventing a claimant from exercising the right to file a kick-out lawsuit other than for delay 'due to the bad faith of the employee.'"); *Gasiorowski-Watts v. CSX Transp., Inc.*, No. 1:23-cv-1043, 2023 WL 7194898, at *2-5 (N.D. Ohio Nov. 1, 2023) (same). Importantly, the Court is aware of no cases in which federal courts have considered the applicability of either waiver or laches in the context of the STAA's kick-out provision.

Here, the discussion is academic, however, as the Court need not reach that issue. The salient issue here is that Defendants point to nothing in the complaint that affirmatively demonstrates that limitations or laches bar this lawsuit. *See Bantau*, 907 F. Supp. at 990 ("The defenses of limitations or laches may be asserted by a motion to dismiss for failure to state a claim if the complaint shows affirmatively that the claims are barred."). Here, the sufficiency of Lewis's complaint is not implicated by Defendants' claim of a waiver or laches bar based on decidedly contested issues of fact. Stated differently, even assuming *arguendo* that such defenses apply to STAA kick-out actions, waiver and laches are typically fact-intensive inquiries and not appropriately resolved on a motion to dismiss for failure to state a claim, as presented here. *See City of San Antonio v. Time Warner Cable Texas, LLC*, No. SA-17-cv-1232-OLG, 2018 WL 6588564, at *3 (W.D. Tex. Apr. 9, 2018) (a complaint is not subject to dismissal

under Rule 12(b)(6) on the basis that it fails to allege facts disproving a possible affirmative defense unless a successful affirmative defense appears on the face of the pleadings) (quoting *Wilson v. Kimberly-Clark Corp.*, 254 Fed. Appx. 280, 287 (5th Cir. 2007); *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)). *See also Tesco Corp. v. Weatherford Int'l, Inc.*, 632 F. Supp. 2d 654, 658 (S.D. Tex. 2009) ("Waiver is typically a fact-intensive inquiry not resolved on a motion to dismiss.") (citing *First Interstate Bank of Ariz. v. Interfund Corp.,* 924 F.2d 588, 595 (5th Cir. 1991)) ("Generally, waiver is a fact question turning on the question of intent.")); *Chamberlin v. BNSF Ry. Co.*, No. 22-cv-5, 2022 WL 717818, at *2 (N.D. Cal. Mar. 10, 2022) ("waiver and laches are both defenses and are generally fact-intensive and ill-suited for resolution at the pleading stage").

Accordingly, Defendants' joint motion to dismiss Lewis's complaint for failure to state a claim should also be denied.

## IV. Duff Capital's Separate Motion to Dismiss

Duff Capital has separately moved to dismiss Lewis's claims. Doc. 26. Duff Capital argues that Lewis has failed to state a claim against it because Duff Capital is not Lewis's employer under the STAA. Doc. 26 at 1. And in addition, Duff Capital contends that it cannot be added to Lewis's STAA kick-out action because it was not a party to the original administrative proceedings. Doc. 26 at 1. The Court agrees that Lewis's STAA claims against Duff Capital should be dismissed because Duff Capital was never a party to the administrative action and the claims are thus time barred.[3] As discussed *infra*, however, dismissal of these

[3] Because Lewis's claims against Duff Capital are time barred, the Court need not address the merits of whether Duff Capital is Lewis's employer.

claims on jurisdictional grounds, as Duff Capital asserts, is not appropriate.

The Supreme Court has "stressed the distinction between jurisdictional prescriptions and nonjurisdictional claim-processing rules, which 'seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 548-49 (2019) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). "If the Legislature clearly states that a prescription counts as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue; but when Congress does not rank a prescription as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Davis*, 587 U.S. at 550. Here, because Congress has not expressly stated the STAA limitations rules as jurisdictional, the Court does not find that they act as an absolute bar to the Court's exercise of jurisdiction, but rather are mandatory, non-jurisdictional, claim-processing rules.

In this instance, the distinction is not germane, because as Duff Capital correctly argues, Lewis did not file a Department of Labor complaint against it within 180 days of the alleged retaliation, as required under Section 31105(b)(1); thus, Lewis failed to exhaust his administrative remedies as to such claim. Moreover, the 180-day statute of limitations is the prerequisite that must be satisfied before an STAA action can be kicked out to federal court for *de novo* review. Indeed, nothing in the statute indicates any exception to the requirement for filing a timely STAA claim with the Secretary of Labor as a prerequisite to suing in federal court.

It is beyond dispute that Lewis did not file a timely complaint with the Secretary of Labor under the STAA against Duff Capital, as review of the administrative record reveals that Duff Capital was not a party to the relevant administrative proceedings instituted by Lewis. *See* Docs.

23-1, 23-2, 23-3, 23-4, 23-5, 23-6, 23-7. Nevertheless, Lewis contends Duff Capital should be included as Defendant in the instant action because it is an "identity of interest" and had notice of the administrative proceeding. Doc. 28 at 9. In other words, Lewis argues "identity-of interest" as an equitable exception to the STAA's administrative exhaustion requirement. But Lewis offers no legal support for this argument, and the Court has found none.

The United States Supreme Court has reserved the question "whether mandatory claim processing rules may ever be subject to equitable exceptions." *Davis*, 587 U.S. at 549 n.5 (internal quotations and citation omitted). However, in an analogous case, the Supreme Court has made clear that it will "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). *Cf Bozeman v. Per-Se Techs., Inc.*, 456 F. Supp. 2d 1282, 1358 (N.D. Ga. 2006) (finding a plaintiff's Sarbanes-Oxley whistleblower claim against a defendant was barred because the plaintiff did not specifically name the defendant in the administrative complaint). Lewis has not cited any binding authority holding that any equitable exceptions are applicable to the STAA's limitations and related kick-out rules, or for that matter, to that of any analogous statute.

Thus, this Court likewise declines to read any exception into STAA's claim-processing rule, where Congress has not done so. *See Ross*, 578 U.S. at 640 ("courts have a role in creating exceptions only if Congress wants them to."). As such, Lewis's STAA claims against Duff Capital are time barred and should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendants DeepWell Energy Services, LLC and Duff Capital Investors Corporation's *Motion to Dismiss*, Doc. 23, should be **DENIED**. Defendant Duff Capital's *Motion to Dismiss*, Doc. 26, should be **GRANTED** to the extent that Lewis's STAA

claims against Duff Capital be **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies.

**SO RECOMMENDED** on August 14, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).