UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORENZO LEWIS,<br><br>*Plaintiff*,<br><br>v.<br><br>DEEPWELL ENERGY SERVICES, LLC, and DUFF CAPITAL INVESTORS CORP.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:25-cv-2354-X-BK |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. (Doc. 32). Plaintiff Lorenzo Lewis filed an objection. (Doc. 33). The Court must conduct a *de novo* review of the portions of the FCR to which an objection was made.[1] After conducting a *de novo* review of the objected to portions of the FCR, the Court **OVERRULES** all six objections. The Court reviewed the remaining portions of the FCR for plain error and found none.

Lewis's first objection is to "the conclusion that Lewis's [Surface Transportation Assistance Act] claims against Duff Capital Investors Corporation should be dismissed because Duff Capital was never a party to the administrative action and the claims are thus time barred."[2] Under 49 U.S.C. § 31105(b)(1), Lewis needed to file a Department of Labor complaint against Duff Capital within 180 days

---

[1] 28 U.S.C. § 636(b)(1).

[2] Doc. 33 at 6 (citing Doc. 32 at 11) (cleaned up).

of the alleged violation to avoid the statute of limitations. But Lewis did not file a Department of Labor complaint naming Duff Capital within 180 days of the alleged violation.[3] Accordingly, the Court **OVERRULES** his first objection.

Lewis's second objection is to "the conclusion [that] the question of whether Duff is an employer for purposes of Plaintiff's [Surface Transportation Assistance Act] claims need not be reached because dismissal is appropriate for failure to exhaust."[4] But the Surface Transportation Assistance Act only contemplates judicial review following the exhaustion of administrative remedies.[5] Lewis argues that the Surface Transportation Assistance Act regulations's equitable tolling provision tolled his Department of Labor complaint until he had knowledge of Duff Capital's involvement in his termination.[6] But this argument fails because Lewis has still never attempted to exhaust administrative remedies regarding Duff Capital. So the Court **OVERRULES** his second objection.

Lewis's third objection is to "the conclusion that no equitable exception may apply to toll or estop Duff's claimed equitable defenses."[7] But again, Lewis never attempted to exhaust his administrative remedies with the Department of Labor, so he cannot avail himself of any purported equitable exceptions that would allow him to file a judicial complaint. So the Court **OVERRULES** his third objection.

---

[3] *See* Doc. 33 at 8.

[4] Doc. 33 at 6 (citing Doc. 32 at 2, 11) (cleaned up).

[5] 49 U.S.C. § 31105(c)–(d).

[6] Doc. 33 at 10 (citing 29 C.F.R § 1978.103(d); *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003); *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712–15 (5th Cir. 2011)).

[7] Doc. 33 at 6 (citing Doc. 32 at 13).

Lewis's fourth objection is to "the failure to consider whether employer status for purposes of the [Surface Transportation Assistance Act] had been concealed from the Plaintiff by Duff during the Department of Labor proceedings and is potentially the very cause of his failure to include Duff in [Department of Labor] proceedings prior to exercising his kick-out rights before barring his claims on time limit and exhaustion principles."[8] But even if Lewis met the equitable tolling exception, he still has not timely attempted to exhaust his administrative remedies. Lewis learned about Duff Capital's involvement over 180 days ago.[9] The Surface Transportation Assistance Act has a 180-day limitations period.[10] Because Lewis did not attempt to pursue administrative remedies within 180 days of obtaining knowledge of Duff Capital's involvement, his claim is time barred even if equitable tolling applied. Accordingly, the Court **OVERRULES** his fourth objection.

Lewis's fifth objection is to "the failure to consider and address the First Amended Complaint's (FAC) specific allegation showing Duff's [unclean] hands rendering asserted equitable defenses unavailable to the defense as a party."[11] But this objection fails for the same reason the others fail. Lewis never attempted to exhaust administrative remedies against Duff Capital. Accordingly, the Court **OVERRULES** his fifth objection.

[8] Doc. 33 at 6 (citing Doc. 28 at 9–12) (cleaned up).

[9] *See* Doc. 23 at 1 n.1 (noting Lewis amended his judicial complaint on November 22, 2025).

[10] 49 U.S.C. § 31105(b)(1).

[11] Doc. 33 at 6 (citing Doc. 18 at 26–27; Doc. 24 at 7, 18–19) (cleaned up).

Lewis's sixth objection is to "the conclusion dismissal with prejudice is warranted versus without prejudice or leave to amend and limited discovery."[12] This objection fails because leave to amend is futile on statute of limitations grounds.[13] Lewis failed to pursue administrative remedies against Duff Capital within 180 days from the date he obtained knowledge of Duff Capital's involvement.[14] Accordingly, the Court **OVERRULES** his sixth objection.

Having conducted a *de novo* review of the objected to portions of the FCR, and finding no error, the Court **ACCEPTS** the FCR and **ADOPTS** its findings, conclusions, and recommendation. Accordingly, the Court **DENIES** DeepWell Energy Services, LLC and Duff Capital's joint motion to dismiss (Doc. 23), and **GRANTS** Duff Capital's motion to dismiss (Doc. 26). Accordingly, the Court **DISMISSES WITH PREJUDICE** Lewis's claims against Duff Capital.

**IT IS SO ORDERED** this 4th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[12] Doc. 33 at 6.

[13] *See* 49 U.S.C. § 31105.

[14] *See* Doc. 23 at 1 n.1 (noting Lewis amended his judicial complaint on November 22, 2025).