UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORENZO LEWIS,<br><br>*Plaintiff*,<br><br>v.<br><br>DEEPWELL ENERGY SERVICES, LLC, and DUFF CAPITAL INVESTORS CORP.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:25-CV-2354-X-BK |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Lorenzo Lewis's opposed motion for reconsideration of the Court's Order. (Doc. 38). After reviewing the record, briefing, and applicable law, the Court **DENIES** Lewis's motion for reconsideration.

The Order accepting findings, conclusions, and recommendation of the United States Magistrate Judge was not a final judgment, so Federal Rule of Civil Procedure 54(b) governs the Court's analysis.[1] "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court."[2]

The Court sees no reason to change its mind here. Lewis argues that the Court erred in dismissing his claims against Duff Capital Investors Corp. (DCI), by requiring administrative exhaustion, and by failing to properly consider his equitable

[1] *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); Doc. 34.

[2] *Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.) (cleaned up).

tolling and unclean hands arguments.[3] But the Court already considered and rejected each of Lewis's arguments when ruling on his original objections.[4] So the Court again holds that Lewis failed to exhaust his administrative remedies against DCI.[5] Accordingly, the Court **DENIES** Lewis's motion for reconsideration.

**IT IS SO ORDERED** this 14th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *See* Doc. 38 at 5, 6, 8, 10.

[4] *Compare id.* (containing reconsideration arguments on administrative exhaustion, equitable tolling, and unclean hands), *with* Doc. 33 at 4, 7, 11, 15 (containing FCR objections on administrative exhaustion, equitable tolling, and unclean hands), *and* Doc. 34 (the Order).

[5] *See* Doc. 34 (Order). Lewis also argues that "the threshold exhaustion ruling requires reconsideration of the objections the Court did not reach or rejected on that basis." Doc. 38 at 12 (cleaned up). Because the Court denies reconsideration on exhaustion, it still need not reach this basis.